**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

MICHAEL BRYAN,                          :
on behalf of plaintiff and all          :
others similarly situated,              :
                                        :
                    Plaintiff,          :
                                        :          **COMPLAINT - CLASS ACTION**
        v.                              :
                                        :
CREDIT CONTROL, LLC,                    :
                                        :
                    Defendant.          :
-------------------------------------------------------------x

## INTRODUCTION

1.      Plaintiff brings this action against Credit Control, LLC, to secure redress from unlawful collection practices.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union,*

1

*LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.      Venue and personal jurisdiction in this District are proper because:

    a.      Defendant's collection communications were received by plaintiff within this District;

    b.      Defendant does or transacts business within this District.

## PARTIES

9.      Plaintiff Michael Bryan is an individual who resides in Suffolk County, New York.

10.      Defendant Credit Control, LLC is a limited liability company organized under Missouri law with offices located at 4522 Woodland Drive, Lake Saint Louis, MO 63367.  Its registered agent and office is Richard A. Saffir,  5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

11.      Defendant Credit Control, LLC is engaged in the business of a collection agency, using the mails and telephone system to collect defaulted consumer debts allegedly owed to others.

12.      Defendant Credit Control, LLC has a collection agency license from the City of New York.

13.      Defendant states on its web site: "We Are Credit Control [¶] Providing customized receivables management services for more than 20 years  [¶] Credit Control's history in the collections industry started in 1989 and currently serves over 450 clients. Credit Control, LLC was formed in 2006 by purchasing a 17 year old agency. We are a nationally licensed,

2

full-service receivables organization. We provide customized solutions to meet the individual revenue cycle needs of each of our clients. Credit Control has continued to focus on partnering with clients to collect past-due accounts receivable balances and develop strategies to further maximize their financial results. Our unique Artiva configuration, a state of the art technology, along with the professionalism and customer service provided by our trained and qualified staff equates to unsurpassed performance."  (http://www.credit-control.com/about-us/who-we-are/)

14.    Credit Control, LLC is a debt collector as defined by the FDCPA.

## FACTS

15.    Defendant has been attempting to collect from plaintiff a credit card debt entered into for personal, family or household purposes.

16.    The debt was in default when Credit Control LLC first became involved with it.

17.    On or about February 13, 2017, defendant sent plaintiff the document attached as Exhibit A.

18.    The document attached as Exhibit A was the first document which defendant sent to plaintiff relating to the debt.

19.    On information and belief, based on its contents, the document attached as Exhibit A is a form document intended for use as the initial document which defendant sends to a borrower.

20.    Exhibit A has bar-coded addresses and return addresses, indicative of a computer-generated form intended for mass mailing.

21.    Exhibit A has various fields that are filled out by computer, in a standardized manner.

22.    Exhibit A states that "our client" is Kohl's Department Stores, Inc., and that the "original credit grantor" is Chase Bank USA N.A.

23.    The current creditor or owner of the debt is not identified.

24.    Based on the investigation of counsel (Exhibit B), Kohl's Department Stores has

3

private brand credit cards.  Until 2011 the cards were issued by Chase Bank.  Since 2011 the

cards have been issued and serviced by Capital One Bank.

25.    The current creditor or owner could be Capital One Bank or Kohl's Department

Stores.  It is not possible to determine from the letter.

## COUNT I

26.    Plaintiff incorporates paragraphs 1-25.

27.    Defendant failed to comply with 15 U.S.C. §§1692g and 1692e.

28.    Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . . (Emphasis added)**

29.    Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following**

4

**conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt; . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

30.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

31.    The class consists of (a) all individuals (b) to whom Credit Control LLC sent an initial letter (c) which lists the "client" as Kohl's Department Stores, the "original creditor grantor" as Chase Bank USA, but does not expressly identify the current creditor or owner of the debt, (d) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

32.    The class is so numerous that joinder of all members is not practicable.  Based on the size of Credit Control, LLC  and the use of a form letter, there are more than 40 class members.

33.    There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common question is whether letters in the form represented by Exhibit A disclose the current creditor or owner of the debt, as required by the FDCPA.

34.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

35.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible.

b.    Members of the class are likely to be unaware of their rights.

c.    Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and

against defendant for:

i.    Statutory damages;

ii.    Attorney's fees, litigation expenses and costs of suit;

iii.    Such other and further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

s/Abraham Kleinman
Abraham Kleinman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

6

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Tiffany N. Hardy
Tiffany N. Hardy

8