UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL BRYAN, *on behalf of plaintiff
and all others similarly situated*,

                              Plaintiff,

   -against-

CREDIT CONTROL, LLC,

                              Defendant.
------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

18-cv-0865 (SJF)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Plaintiff Michael Bryan ("Plaintiff" or "Bryan"), on behalf of himself and others similarly situated, commenced this putative class action against Defendant Credit Control, LLC ("Defendant" or "Credit Control") alleging violations of his rights under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Bryan's claims arise from a debt collection notice sent by Credit Control, which he asserts failed to comply with the FDCPA.

      Presently before the Court, on referral from the Honorable Sandra J. Feuerstein for Report and Recommendation, are: (i) Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), *see* Docket Entry ("DE") [20]; and (ii) Bryan's motion for leave to amend his Complaint.[1] *See* DE [18].[2] For the reasons

---

[1] For efficiency purposes, the Court considers the motion for judgment on the pleadings as directed toward the proposed Amended Complaint. *See* Section II(C), *infra*.

[2] Defendant also seeks by letter motion to supplement its memorandum of law in support of the motion for judgment on the pleadings with a recent Second Circuit decision that was published after the motion was filed. *See* DE [25]; *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018). Plaintiff does not oppose Defendant's submission of *Cohen* but argues that the decision is inapposite. *See* DE [26]. Accordingly, the Court recommends granting Credit Control's motion to supplement. *See Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-4427, 2016 WL 4617159, at *7 (E.D.N.Y. Sept. 2, 2016) ("it is fairly standard practice for parties to occasionally send letters or to otherwise file supplemental authority after briefing is complete") (internal quotation and citation omitted).

set forth below, the Court respectfully recommends that Credit Control's motion for judgment on the pleadings be granted and that Plaintiff's motion for leave to amend be denied.

## I. Background

The following facts are taken from Bryan's proposed Amended Complaint (the "Amended Complaint" or "AC")), DE [18-1], and are accepted as true.

At some unidentified point in time, Plaintiff incurred a credit card debt with Kohl's Department Stores, Inc. ("Kohl's") (the "Debt"). *See* AC ¶ 15. Bryan thereafter defaulted on the Debt, which led to Credit Control, a debt collector as defined by the FDCPA, becoming involved. *See* 15 U.S.C. § 1692a(6); AC ¶¶ 14, 16. On or about February 13, 2017, Defendant wrote to Plaintiff attempting to collect the Debt. *See* AC ¶ 17, Ex. A, DE [18-1] at 13 (the "Collection Letter"). Although the Debt stems from a credit card that could only be used to purchase goods from Kohl's, the store's credit accounts are issued and owned by third-party banks. *See* AC ¶¶ 25-27. Kohl's credit cards were issued by Chase Bank until 2011, and since then by Capital One Bank ("Capital One"). *Id.* ¶ 26. Thus, Plaintiff alleges that Kohl's is not the creditor or owner of the Debt at issue. *Id.* ¶ 33.

In the Collection Letter, Defendant identifies Kohl's as its "Client," labels Chase Bank USA N.A. as the "Original Credit Grantor," and provides Bryan's "Client Account #" ending in 7116. *See* Collection Letter. The communication further states that Credit Control is writing to "resolve [Bryan's] account and … offer [him] … options … to pay off [the] account." *Id.*

Plaintiff commenced this action on February 8, 2018. DE [1]. Credit Control Answered the Complaint on March 23, 2018, DE [14], and filed its motion for judgment on the pleadings pursuant to Judge Feuerstein's bundle rule on July 18, 2018. DE [20]. In response to being served with Defendant's motion on June 8, 2018, Bryan filed a motion for leave amend his Complaint on June 13, 2018. DE [18]. Judge Feuerstein referred the motion for judgment on the pleadings to this Court on July 26, 2018. *See* Electronic Order dated July 26, 2018. The motion for leave to amend was referred to this Court pursuant to Judge Feuerstein's Individual Rule 4(H).

Plaintiff alleges that the Collection Letter violates two provisions of the FDCPA. *See* AC ¶¶ 37-41. Initially, Bryan claims that the Collection Letter is unlawful because it does not identify "the name of the [current] creditor to whom the debt is owed" as required by 15 U.S.C. §§ 1692g(a)(2) & (5). *See* AC ¶¶ 38, 40. In addition, Plaintiff contends that Credit Control's failure to disclose the name of the current creditor constitutes a violation of 15 U.S.C. §§ 1692e, which prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." *See id.* ¶¶ 38, 41.

## II. Legal Standards

### A. <u>Motions for Judgment on the Pleadings</u>

"Judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) is appropriate where material facts are undisputed and a judgment on the merits is possible merely by considering the contents of the pleadings." *Mennella v. Office of Court Admin.*, 938 F. Supp. 128, 131 (E.D.N.Y. 1996), *aff'd* 164 F.3d 618 (2d Cir. 1998) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)). The standard for

3

addressing a Rule 12(c) motion is similar to that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013); *see also Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006). Thus, to survive a motion to dismiss pursuant to either Rule 12(b)(6) or Rule 12(c), a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). At this stage, the Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Although the Court is "confined to the allegations … of the complaint … [it] may also consider documents attached to the complaint as an exhibit or incorporated in it by reference." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017) (internal quotations and citations omitted). Accordingly, a Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Dargahi v. Honda Lease Trust*, 370 F. App'x 172, 174 (2d Cir. 2010) (quoting *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (*per curiam*)).

### B. Motions to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave [if the time to amend as a matter of course has expired]. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding the liberal standard of Rule 15, leave to amend will be denied when such amendment will be futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "A

4

proposed amendment … is futile when it could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (internal quotation and citation omitted); *accord Bryan v. I.C. Sys., Inc.*, No. 15-cv-6984, 2017 WL 9485658, at *4 (E.D.N.Y. Aug. 28, 2017), *report and recommendation adopted*, 2017 WL 4326041 (E.D.N.Y. Sept. 28, 2017) (a motion to amend should be denied as futile if the proposed amended complaint would not withstand Rule 12(c) scrutiny). "Ultimately, it is 'within the sound discretion of the court whether to grant leave to amend.'" *Positano v. Zimmer*, No. 12-cv-2288, 2013 WL 12084482, at *2 (E.D.N.Y. Dec. 9, 2013), *aff'd* 581 F. App'x 55 (2d Cir. 2014) (quoting *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)).

### C.   Concurrent Motions to Dismiss and Amend

Where, as here, a plaintiff seeks "to amend his complaint while a motion to dismiss is pending, a court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion to dismiss as moot to considering the merits of the motion in light of the amended complaint." *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 338 (E.D.N.Y. 2014). "[I]f the proposed amended complaint does not seek to add new claims or parties, and the Defendants have had a sufficient opportunity to respond to the new pleading, then, for the purposes of procedural efficiency, the merits of the pending motion to dismiss ought to be considered in light of the proposed amended complaint." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 139 (E.D.N.Y. 2017) (collecting cases).

Here, because Plaintiff does not seek to add new parties or claims and Defendant has had ample opportunity to respond to the Amended Complaint, the

5

Court considers Credit Control's motion for judgment on the pleadings as directed to the Amended Complaint.

### D. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation and citation omitted).

To that end, the FDCPA provides that, "a debt collector shall … send the consumer [who owes a purported debt] a written notice containing … the name of the creditor to whom the debt is owed…." 15 U.S.C. § 1692g(a). Further, debt collectors are prohibited from making "false, deceptive, or misleading representation[s] in connection with the collection of any debt." 15 U.S.C. § 1692e.

In the Second Circuit, "the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)). This standard serves the "dual purpose" of both ensuring all consumers are protected from deceptive debt collection practices and protecting debt collectors against liability for "bizarre or

6

idiosyncratic interpretations of collection notices." *Clomon*, 988 F.2d at 1320. "The critical question is therefore whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (internal quotation and citations omitted). "Because the least sophisticated consumer standard is objective, the determination of whether a statement is false or misleading is a question of law [that can be resolved] on a motion to dismiss." *Bryan*, 2017 WL 9485658, at *5 (internal quotations and citations omitted).

### III. Discussion

#### A. The Collection Letter

##### i. Plaintiff's Claim Under 15 U.S.C. § 1692g(a)(2)

Bryan's claim that the Collection Letter violates Section 1692g(a)(2) fails as a matter of law. Pursuant to the FDCPA, Credit Control was required to notify Plaintiff in writing of "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Thus, the Court must "assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter…." *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (quoting *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir.2002) (for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole)). Here, the Collection Letter adequately identifies Kohl's within the meaning of the statutes.

> a. *Kohl's is the Creditor to Whom the Debt is Owed*

As an initial matter, the Court finds that Kohl's is the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The FDCPA defines a "creditor" as one "who offers or extends credit creating a debt or to whom a debt is owed …," 15 U.S.C. § 1692a(4), and defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money … which [is] the subject of the transaction [is] primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Bryan alleges that because Kohl's credit cards are "issued and serviced" by Capital One, and since "Kohl's does not own the accounts relating to its … credit cards," Kohl's is not the creditor of the Debt. AC ¶¶ 26-27, 33. Plaintiff further argues that Capital One's issuance and servicing of Kohl's credit cards makes them the "owner of the resulting debts," implying one must necessarily own a debt to be considered a creditor. *See* Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings ("Pltf.'s Opp."), DE [23], at 2-3. Plaintiff's position is without merit.

Bryan conflates debt ownership with the FDCPA's definition of creditors in arguing that Credit Control's omission of Capital One, as the owner of the Debt, amounts to a failure to name a creditor in the Collection Letter. As set forth above, the FDCPA defines "creditor" as one "who offers *or* extends credit creating a debt *or* to whom a debt is owed." 15 U.S.C. 1692a(4) (emphasis added). Kohl's satisfies this definition. The Private Label Credit Card Program Agreement between Kohl's and Capital One (the "CCPA"), which is annexed to the Amended Complaint, *see* AC, Ex. C, states:

8

  (i)   "Account" is defined as a "credit account … pursuant to which [a] Cardholder may finance the purchase of Goods … from Kohl's."  § 1.1.

  (ii)  "Program" is defined as "the private label credit card program established by Kohl's and [Capital One] … for the purchase of Goods … including the extension of credit …."  *Id*.

  (iii)  Kohl's and Capital One agreed to jointly establish and participate in the Program.  *See* § 2.1.

  (iv)  Kohl's is responsible for:  processing credit applications, establishing and monitoring accounts, authorizing transactions, responding to billing inquiries, handling collection and recovery efforts, and preparing and mailing billing statements.  *See* § 4.2.

Thus, Kohl's is the entity offering credit accounts to its customers, including Plaintiff, and, in turn, facilitating the incurrence of monetary obligations through transactions by consumers exclusively at its stores.  Moreover, Kohl's is responsible for collecting the monies owed as a result of the debts it creates.  Accordingly, Kohl's qualifies as a creditor under the FDCPA regardless of whether it ultimately owns the resulting debts.

        b.  *The Collection Letter Identifies Kohl's as the Creditor*

Having determined Kohl's is a "creditor," the Court must next decide whether the Collection Letter reflects "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).  Plaintiff alleges that the Collection Letter is unlawful because it identifies Kohl's as Credit Control's "client" rather than as the "current creditor."  *See* AC ¶ 38; Pltf.'s Opp. at 5.  The Court disagrees.

In *Wright v. Phillips & Cohen Assocs., Ltd.*, the court found that the letter at issue in that case clearly named the creditor by listing it as the debt collector's "client" as opposed to the "current creditor," and found that any confusion by such label was

9

alleviated by the body of the letter's reference to its "client." *See* No. 12-cv-4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014). The court made this finding notwithstanding the communication's listing a different entity as the "Original Creditor." *See id*. Accordingly, it was held that the least sophisticated consumer "would not be uncertain as to his rights after reading [the letter]." *Id*.

Here, like in *Wright*, the least sophisticated consumer would understand that the Collection Letter is asserting Kohl's as the creditor and is attempting to collect the Debt incurred using Bryan's Kohl's credit card. The Collection Letter lists Kohl's as Credit Control's "Client," includes a "*Client* Account #" number, and states that Defendant is writing with options to pay off the referenced "*account*." *See* Collection Letter (emphasis added). Any confusion potentially caused by the inclusion of Chase Bank USA N.A. as the "Original Credit Grantor" is negated by the inclusion of the client account number and content addressing payment of that account. *See Wright*, 2014 WL 4471396, at *5.

Plaintiff, without any supporting authority, contends that *Wright* is inapplicable because the word "client" is not capable of conveying the required information where there are *two parties* involved with the debt, *i.e.*, Kohl's and Capital One. *See* Pltf.'s Opp. at 7. Bryan further makes the unsubstantiated argument that the Collection Notice is "inherently ambiguous" because of its omission of an express statement concerning the ownership of the Debt. *See id*. at 4-5. The Court again disagrees.

There is no indication that a bank's involvement with a debt undermines the efficacy of listing the creditor as a "client," and the Court remains persuaded by the

10

reasoning in *Wright*. Bryan applied for the credit card directly from Kohl's, transacted business exclusively with Kohl's, and was obligated to make payments through Kohl's. *See* CCPA § 4.2; AC ¶ 25. No debtor, however unsophisticated, would be "uncertain as to the meaning of the message," *DeSantis*, 269 F.3d at 161, as it is obvious that the Collection Letter referred to Plaintiff's Kohl's credit card account. Thus, the technical owner of the Debt would not have been of concern to the least sophisticated consumer, who in this case could have paid off his Debt without having ever interacted with Capital One. Accordingly, the Collection Letter's reference to Kohl's as Credit Control's client complied with the FDCPA's required inclusion of "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

    ii.  <u>Plaintiff's Claim Under 15 U.S.C. § 1692e</u>

Bryan next alleges in conclusory fashion that the Collection Letter was misleading in violation of the FDCPA. *See* AC ¶¶ 38, 41 This assertion is also without merit. The FDCPA proscribes, "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, Subsections (2) & (10) forbid "[t]he false representation of … the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(2) & (10). "A debt collection letter can be deceptive … if: (1) the terminology used is vague or uncertain … or (2) it can be reasonably read to have at least two different meanings, one of which is inaccurate." *Wright*, 2014 WL 4471396, at *5 (internal quotation and citation omitted).

11

It appears Plaintiff's allegations in this respect hinge on the same set of facts as his claim under Section 1692g – *i.e.*, the Collection Letter's failure to identify the creditor renders it false, misleading, and/or deceptive – as he puts forward no additional arguments as to why the letter may have been misleading. As discussed above, however, Credit Control adequately identifies Kohl's as the creditor in the Collection Letter, undermining any allegation of misleading conduct.[3] Accordingly, the Court concludes that this claim fails as a matter of law, and respectfully recommends that Defendant is entitled to judgment on the pleadings as to this cause of action.

### B. Amended Complaint

In response to being served with Defendant's motion for judgment on the pleadings, Bryan sought leave to amend his Complaint, arguing that his proposed amendments would cure any deficiencies identified in Credit Control's motion for judgment on the pleadings. In support, Plaintiff argues that Defendant's motion to dismiss is premised upon his failure to "allege that Kohl's [] is not the current creditor of the debt." DE [18] at 1. Thus, Bryan seeks leave to include this allegation and

---

[3] In its motion to supplement, Defendant argues that insofar as the Court concludes that Kohl's is not a creditor under the FDCPA, such technical falsity in the Collection Letter constitutes an immaterial misrepresentation under Section 1692e. *See* DE [25]; *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 84-87 (2d Cir. 2018). In *Cohen*, the Second Circuit held that a debt collector's identification of a mortgage servicer – as opposed to the owner of the debt – is not a material misrepresentation under the FDCPA. *See* 897 F.3d at 85. The court, however, indicated its conclusion was narrowly tailored to "a mortgage servicer that qualifies as a creditor under state law," and cautioned that "misrepresentations concerning the identity of the creditor [in debt collection communications] are [not] categorically immaterial." *Id*. at 87. Here, because Kohl's is a creditor, the Court need not determine whether any misrepresentation was material.

detail the relationship between Kohl's and Capital One. *See generally* AC. Plaintiff's argument misses the mark.

Defendant argues that the Collection Letter itself is FDCPA compliant, entitling Credit Control to judgment as a matter of law regardless of how Plaintiff characterizes Kohl's. *See generally* Credit Control's Memorandum of Law in Support of its Motion for Judgment on the Pleadings, DE [21]; *see also* Defendant's Reply [in Support of its] Motion for Judgment on the Pleadings. DE [24], at 2-4 (arguing the documents attached to the Amended Complaint further undermine this action's merits). As detailed above, the Court agrees, after evaluating the Amended Complaint and its exhibits, that Defendant is entitled to judgment as a matter of law regardless of the proposed amendments. Accordingly, the Amended Complaint's inclusion of allegations that Kohl's is not the creditor is futile and the Court recommends that Bryan's motion to amend be denied. *See Lucente*, 310 F.3d at 258 (futility is an "appropriate basis for denying leave to amend").

## IV.  Conclusion

For the reasons set forth above, the Court respectfully recommends: (i) granting Defendant's motions for a judgment on the pleadings and to supplement its memorandum of law in support, DEs [20], [25]; (ii) denying Plaintiff's motion for leave to amend his Complaint, DE [18]; and (iii) dismissing this action with prejudice.

## V.  Objections

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days

13

of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           December 11, 2018              s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge