UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL BRYAN, on behalf of plaintiff and all others
similarly situated,

                Plaintiff,

        -against-

CREDIT CONTROL, LLC,

                Defendant.
------------------------------------------------------------------X

**ORDER**
18-CV-865 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Michael Bryan ("plaintiff") to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated December 11, 2018 ("the Report"), recommending that the motion of defendant Credit Control, LLC ("defendant") for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted; and that plaintiff's motion for leave to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure be denied. For the reasons set forth herein, the Report is accepted in its entirety.

I.     Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a specific and timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, general objections, or "objections

1

that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. Objections

Plaintiff generally contends that Magistrate Judge Locke's "opinion is in error" and that Magistrate Judge Locke erred in finding that defendant's "collection letter . . . complied with 15 U.S.C. § 1692g(a)[,]" that there is "no violation of 15 U.S.C. § 1692e[,]" and that "plaintiff's

2

proposed amended complaint was legally insufficient."[1] (Plaintiff's Objections to the Report ["Plf. Obj."] at 1 and 3). More specifically, plaintiff contends, *inter alia*, that Magistrate Judge erred: (i) in "us[ing] the broader definition of 'creditor' in 15 U.S.C. § 1692a(4) . . . [to] determine[] that . . . the 'creditor' was adequately disclosed" in the collection letter at issue, rather than analyzing "whether the collection letter identified 'the creditor to whom the debt is owed,'" (Plf. Obj. at 1; *see also id.* at 5-8 [Section IV, "The Report . . . is in Error in Holding that Defendant's Collection Letter Identified the Current Creditor or Owner of the Debt"] and p. 10 [". . . the Magistrate Judge misapplied the definition of 'creditor' in order to reach the conclusion that the collection letter complied with § 1692g(a)(2) . . . ."]); (ii) in finding that the subject collection letter adequately disclosed Kohl's Department Stores, Inc. ("Kohl's") as the entity that "owns the debt," (*id.* at 8-9); (iii) in finding that plaintiff's claim pursuant to 15 U.S.C § 1692e was not plausible "solely because of its [sic] application of the incorrect definition of 'creditor[,]'" (*id.* at 9-10); and (iv) in denying plaintiff's motion for leave to file the proposed amended complaint. (*Id.* at 10).

Upon *de novo* review of the Report and all motion papers, and consideration of plaintiff's objections to the Report, plaintiff's objections are overruled and the Report is accepted in its entirety. Magistrate Judge Locke correctly found, *inter alia*, that Kohl's is the "creditor to whom the debt is owed" within the meaning of 15 U.S.C. § 1692g(a)(2); and that the least sophisticated consumer, reading the collection letter as a whole and having the background knowledge of the

---

[1] Notwithstanding plaintiff's general objection to Magistrate Judge Locke's entire opinion as erroneous, he concedes that Magistrate Judge Locke "correctly considered the Proposed Amended Complaint in considering the merits of defendant's motion for judgment on the pleadings." (Plf. Obj. at 5; *see also Id.* at 10 ["In making his ruling, the Magistrate Judge properly considered the allegations in plaintiff's Proposed Amended Complaint."]).

underlying debt incurred, would understand that the letter refers to the recipient's Kohl's credit card account and that Kohl's is the name of the creditor to whom the debt is owed. *See, e.g. Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-cv-4281, 2014 WL 4471396, at * 4-5 (E.D.N.Y. Sept. 10, 2014); *Maximiliano v. Simm Assocs., Inc.*, No. 17-cv-80341, 2018 WL 783104, at * 4-6 (S.D. Fla. Feb. 8, 2018), *appeal dismissed*, 2018 WL 3933717 (11th Cir. June 5, 2018).

Magistrate Judge Locke also correctly found, *inter alia*, that plaintiff's claim pursuant to 15 U.S.C. § 1692e fails as a matter of law, and that leave to amend the complaint would be futile. *See, e.g. Maximiliano*, 2018 WL 78314, at * 6-7. Accordingly, for the reasons set forth in the Report, defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted; plaintiff's motion for leave to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure is denied; and plaintiff's claims are dismissed in their entirety with prejudice for failure to state a plausible claim for relief.

III.  Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted; plaintiff's motion for leave to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure is denied; and plaintiff's claims are dismissed in their entirety with prejudice for failure to state a plausible claim for relief. The

Clerk of the Court shall enter judgment in favor of defendant in accordance with this order and close this case.

SO ORDERED.

                                                                                /s/  
                                                          Sandra J. Feuerstein  
                                                          United States District Judge

Dated: January 9, 2019  
       Central Islip, New York